Judge Coughenour

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR18-283 JCC |
| Plaintiff, | [PROPOSED] |
| v. | **ORDER OF FORFEITURE** |
| MADDAWALAABUU HUSSEIN DADI, a/k/a MADDA DADI | |
| Defendant. | |

THIS MATTER comes before the Court on the United States' Motion for Entry of an Order of Forfeiture ("Motion") seeking to forfeit, to the United States, Defendant Maddawalaabuu Hussein Dadi's interest in the following property:

- A sum of money in the amount of no more than $22,182.91, representing the proceeds Defendant obtained from Bank Fraud, in violation of 18 U.S.C. §§ 1344(1) and (2).

The Court, having reviewed the record, FINDS:

The Defendant was charged in an Indictment with, among other counts, two counts of Bank Fraud, in violation of 18 U.S.C. §§ 1344(1) and (2). (Dkt. No. 13 at ¶ 1) The Indictment returned against the Defendant included an allegation for forfeiture of

proceeds, including a judgment for a sum of money representing the proceeds Defendant obtained as a result of the charged offenses;

In his Plea Agreement, the Defendant agreed to forfeit a sum of money of no more than $22,182.91, pursuant to 18 U.S.C. 982(a)(2)(A), reflecting the proceeds he obtained as a result of Bank Fraud, as well as the amount of Defendant's restitution obligation. Dkt. No. 35, ¶ 16;

The evidence in the record, including information contained within the plea agreement, has established the requisite nexus between the above-described sum of money and the offense of conviction, pursuant to Fed. R. Crim. P. 32.2(b)(1)(B); and

Fed. R. Crim. P. 32.2(c)(1) provides that "no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment."

NOW, THEREFORE, THE COURT ORDERS:

1) Pursuant to 18 U.S.C. § 982(a)(2)(A) and his plea agreement, the Defendant's interest in a sum of money in the amount of $22,182.91 is fully and finally forfeited, in its entirety, to the United States;

2) No right, title, or interest in the above-described sum of money exists in any party other than the United States;

3) Pursuant to Fed. R. Crim. P. 32.2(b)(4)(A)-(B), this Order will become final as to the Defendant at the time he is sentenced, will be made part of the sentence, and will be included in the judgment;

4) The United States will request that the Attorney General apply any amounts that it collects toward satisfaction of this forfeited sum toward the restitution that is ordered in this case. Likewise, any money that the Defendant pays toward restitution will be credited toward satisfaction of the forfeited sum of money;

5) Pursuant to Fed. R. Crim. P. 32.2(e), in order to satisfy the judgment for the above-described sum of money in whole or in part, the United States may move to amend this Order, at any time, to substitute property having a value not to exceed the amount of this sum of money; and

6) This Court will retain jurisdiction in this case for the purpose of enforcing and amending this Order, as necessary.

IT IS SO ORDERED.

DATED this __16__ day of __July__, 2019.

_____
THE HON. JOHN C. COUGHENOUR
UNITED STATES DISTRICT JUDGE

Presented By:

_s/Matthew H. Thomas_
MATTHEW H. THOMAS
Assistant United States Attorney
United States Attorney's Office
1201 Pacific Avenue, Suite 700
Tacoma, WA 98402
Telephone: (253) 428-3800
Facsimile: (253) 428-3826
E-Mail: Matthew.H.Thomas@usdoj.gov