THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> MADDAWALAABUU DADI, <br><br> Defendant. | CASE NO. CR18-0283-JCC <br><br> ORDER |

This matter comes before the Court on Defendant's motion for compassionate release (Dkt. No. 56) and the Government's motion to seal (Dkt. No. 64). Having considered the parties' briefing and the relevant record, the Court hereby DENIES Defendant's motion for compassionate release (Dkt. No. 56) and GRANTS the Government's motion to seal (Dkt. No. 64) for the reasons explained herein.

Defendant pled guilty on May 1, 2019 to bank fraud and aggravated identity theft. (Dkt. No. 33.) On July 16, 2019, the Court sentenced Defendant to 32 months of incarceration followed by three years of supervised release. (*See* Dkt. No. 53.) Defendant is currently housed at FDC Sea-Tac with a projected release date of July 18, 2021. (*See* Dkt. Nos. 61 at 3; 63 at 7.) Defendant moves for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). (Dkt. Nos. 56, 61.)[1] Defendant claims that the conditions at FDC Sea-Tac create an extreme risk that he will

---

[1] Court-appointed counsel filed a memorandum in support of Defendant's pro se motion.

ORDER
CR18-0283-JCC
PAGE - 1

1  be exposed to COVID-19, thereby satisfying the requirement under 18 U.S.C. § 3582(c)(1)(A)(i)
2  for extraordinary and compelling reasons warranting release. (Dkt. No. 61 at 3–8.)

3    As a threshold matter, Defendant must demonstrate that he has satisfied the exhaustion
4  requirement contained within 18 U.S.C. § 3582(c)(1)(A). *See United States v. Van Sickle*, 2020
5  WL 2219496, slip op. at 3 (W.D. Wash. 2020) (describing Defendant's burden). Namely,
6  Defendant must show that he exhausted administrative remedies or waited 30 days after filing a
7  request with the warden before filing the instant motion. *Id.* Defendant fails to make this
8  showing. (*See* Dkt. Nos. 61 at 3 (Defense counsel's indication that counsel "has no additional
9  information or documentation" regarding exhaustion); 63 at 10 (Government's attestation that, as
10 of September 8, 2020, the BOP database lacked a record of any such request from Defendant).)

11   Even if Defendant had satisfied the exhaustion requirement, the Court finds that his
12 current circumstances do not satisfy the requirements for extraordinary and compelling reasons
13 warranting release. *See Riley v. United States*, 2020 WL 1819838, slip op. 7 (W.D. Wash. 2020).
14 Defendant is a twenty-five year old in good health. (Dkt. Nos. 62; 63-1 at 2–103.) He lacks the
15 health conditions that would make him significantly more vulnerable to suffering serious
16 complications from COVID-19 and thereby satisfy the requirement for extraordinary and
17 compelling reasons. *See United States v. Dorsey*, 2020 WL 2562878, slip op. at 2 (W.D. Wash.
18 2020). The Court DENIES Defendant's motion for compassionate release. *See* 18 U.S.C.
19 § 3582(c)(1)(A).

20   The Government moves to seal Exhibit A to its response to Defendant's motion to seal
21 (Dkt. No. 63-1), explaining that the documents represent Defendant's personal medical
22 information. (Dkt. No. 64.) The Court starts from the position that "[t]here is a strong
23 presumption of public access to [its] files." W.D. Wash. Local Civ. R. 5(g)(3); *see also Nixon v.*
24 *Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). To overcome that presumption, a party
25 seeking to seal a judicial record must show "compelling reasons" to seal the record if it relates to
26 a dispositive pleading. *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir.

1  2006). Defendant's strong interest in maintaining the confidentiality of his personal medical
2  records outweighs the public's interest in disclosure. *See Kamakana*, 447 F.3d at 1179.
3  Accordingly, the Court finds compelling reasons and GRANTS the Government's motion to seal
4  (Dkt. No. 64).
5        For the foregoing reasons, the Court DENIES Defendant's motion for compassionate
6  release (Dkt. No. 56) and GRANTS the Government's motion to seal (Dkt. No. 64). The Clerk is
7  DIRECTED to maintain Docket Number 63-1 under seal until further order of the Court and to
8  terminate Defendant's motion for compassionate release (Dkt. No. 56).
9        DATED this 8th day of October 2020.

                                              John C. Coughenour
                                              UNITED STATES DISTRICT JUDGE